**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael J. Salazar,<br>Plaintiff<br>-vs-<br>Arizona Department of Corrections,<br>et al.,<br>Defendants. | CV-15-0688-PHX-DJH (JFM)<br><br>**Report & Recommendation** |

The Court's Scheduling Order, filed December 16, 2015 (Doc. 26), directed the parties to confer and to "submit to the Court their **Joint** Discovery Plan/Rule 26(f) Planning Meeting Report on or before **January 29, 2016**." (*Id.* at 5 (emphasis in original).) On February 1, 2016, Defendants filed a unilateral "Joint Discovery Plan" (Doc. 26), indicating that Plaintiff had failed to participate in preparing a joint plan by providing his portions of the report.

Federal Rule of Civil Procedure 37(f) provides:

> If a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure.

Federal Rule of Civil Procedure 16(f) further provides for sanctions under Rule 37(b)(2)(A)(ii)-(vii) if a party "fails to obey a scheduling or other pretrial order." Those sanctions include dismissal, default judgment, and/or contempt.

It appearing that Plaintiff has failed "to participate in good faith in developing and submitting a proposed discovery plan," Fed. R. Civ. Proc. 37(f), and failed to comply with the Scheduling Order, the Court issued an Order to Show Cause on February 2, 2016 (Doc. 28). That Order gave Plaintiff fourteen days from the filing of that Order, to

1

show cause why sanctions should not be imposed pursuant to Federal Rule of Civil Procedure 37(f) and/or 16(f) as a result of failure to comply with the Court's Order to participate in developing and submitting a joint discovery plan.

To date, Plaintiff has not responded. Moreover, on February 1, 2016, the Court was advised that Plaintiff had been transferred to a new prison unit. Accordingly, the Court updated Plaintiff's address to that provided, and forwarded the February 2, 2016 order to that address. To date, Plaintiff has failed to file a notice of change of address as mandated in the Notice of Assignment (Doc. 3) and the Order filed April 24, 2015 (Doc. 5).

Rule 37(b)(2)(A)(v) permits as a sanction "dismissing the action or proceeding in whole or in part." Such a sanction, if justified, is appropriate for failure to participate in pretrial conferences as ordered. *See Nascimento v. Dummer,* 508 F.3d 905, 909 (9th Cir. 2007). The Ninth Circuit has adopted a multi-factor analysis for applying such a sanction:

> We have constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. This "test" is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow.

*Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th Cir. 2007). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to participate in the discovery planning process, failure to respond to the Court's

2

Order to Show Cause, and failure to alert the Court to his change of address, all indicate that Plaintiff is content to let the case languish and/or be dismissed. The same things prevent this Court from effectively managing its docket. Without Plaintiff's participation, Defendants are left to chase Plaintiff to attempt to conduct discovery to defend the case.

The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available, attempted, and has warned. Plaintiff was warned in the Court's Order to Show Cause about the risk of dismissal, and sought Plaintiff's explanation to permit an attempt to address matters necessary to moving the case forward. Without Plaintiff's willingness to respond, and even the willingness to keep the Court apprised of his location, indicate that sanctions less drastic than dismissal are meaningfully available.

The undersigned finds that only one less drastic sanction is realistically available. In the instant case, and in the absence of a showing that Plaintiff's actions are the result of an intent to obtain unfair advantage (as opposed to simply abandoning the case) the undersigned finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action should therefore be dismissed without prejudice.

**IT IS THEREFORE RECOMMENDED** that, pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2)(A)(v), and 41, this case be **DISMISSED WITHOUT PREJUDICE**.

### EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have

fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: February 22, 2016

15-0688o Order 16 02 22 re RR Dismiss FTP.docx

James F. Metcalf
United States Magistrate Judge

4